IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EDUARDO ESTREMERA, N73359, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>STATE OF ILLINOIS, )<br>)<br>Defendant. ) | Case No. 25-cv-1610-DWD |

# **MEMORANDUM AND ORDER**

**DUGAN, District Judge:**

Plaintiff Eduardo Estremera, an inmate of the Illinois Department of Corrections (IDOC), currently detained at Pinckneyville Correctional Center, has filed the present complaint challenging his imprisonment under 42 U.S.C. § 1983. (Doc. 1). Specifically, Plaintiff alleges his natural citizenship was improperly rescinded when he received a natural life sentence. Plaintiff's Complaint (Doc. 1) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B)(i-iii). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Plaintiff alleges that the State of Illinois violated his rights as a natural born citizen when they imposed a sentence of natural life without the possibility of parole. (Doc. 1 at 3). Plaintiff alleges that this is a violation of his constitutional rights, because such a sentence should not be available in the State of Illinois. As relief, Plaintiff seeks one billion dollars for the mental, emotional, and physical anguish that he has experienced for over 30 years. (Doc. 1 at 4). In support of the complaint, Plaintiff submitted a memorandum that he alleges he tendered in state court habeas proceedings. In the memorandum, he explains that he believes only the federal government has control over citizenship, and thus only the federal government can impose a life sentence. (Doc. 1 at 14).

Plaintiff's complaint fails to state a claim for several reasons. Most significantly, Plaintiff cannot proceed to the extent he is attempting to undermine his conviction in state court. *Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiff does not directly challenge his conviction, but he implies such a challenge by arguing that he received an illegal sentence. An individual cannot use a § 1983 action to challenge the fact or duration of his confinement. *Wilkinson v. Dotson*, 544 U.S. 74, 77 (2005) ("a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration' of his confinement."). It is possible Plaintiff could raise challenges to his confinement in state court proceedings or a federal habeas proceeding, but he cannot present the challenges in this § 1983 action.

Additionally, the State of Illinois is Plaintiff's sole named Defendant, but an inmate cannot seek monetary relief from the state under § 1983 for alleged constitutional violations. *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012) ("a state and its agencies are not suable 'persons' within the meaning of section 1983.").

For the foregoing reasons, the Court concludes that Plaintiff has failed to state a viable claim in his complaint.  Though leave to amend is given freely in *pro se* cases, the Court is not required to grant leave to amend if an amendment would be futile.  *See Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015) (a district court may deny leave to amend where an amendment would be futile).  At present, there is no valid claim that Plaintiff could plead in this § 1983 lawsuit related to the facts he has described, so any amendment would be futile.  Therefore, no leave to amend will be granted.

Plaintiff filed a Motion to Proceed IFP (Doc. 2) and a Motion for Recruitment of Counsel (Doc. 3), but in each motion he described how he did not need the relief sought.  He stated a family member would pay his fee, and he wished to proceed without counsel.  Because this case is not proceeding at all, the motions will be denied as moot.

## Disposition

**IT IS HEREBY ORDERED THAT** Plaintiff's Complaint (Doc. 1) is **DISMISSED** with prejudice for the reasons stated above.  This dismissal does not preclude Plaintiff from bringing a state or federal claim in a properly filed habeas action.  Plaintiff's Motions (Docs. 2, 3) are **DENIED** as moot.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

Dated: October 16, 2025                           /s *David W. Dugan*
                                                  _____
                                                  DAVID W. DUGAN
                                                  United States District Judge